**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Raleigh Jordan v. The State of Texas

Appellate case number:    01-13-00775-CR; 01-13-00776-CR

Trial court case number:   1329597; 1329598

Trial court:                 209th District Court of Harris County

      The Clerk of the Court has examined the clerk's records in these appeals and has found that they do not comport with the Texas Rules of Appellate Procedure in that the trial court's certifications of appellant's right of appeal are defective. *See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12), 37.1. The certifications, although signed by the appellant, are not signed by the trial court and do not indicate whether or not appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The Clerk notified the parties of the defect on April 2, 2014 and, because more than 30 days have passed and a proper certification has not been filed, has now referred the matter to the Court. *See* TEX. R. APP. P. 37.1.

      Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, ChiQuia J. Roberson, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

We direct the trial court to:

1) Execute an amended certification of appellant's right to appeal indicating whether or not appellant has the right to appeal; and

2) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court no later than 30 days from the date of this order. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ <u>Sherry Radack</u>
                ☒ Acting individually     ☐ Acting for the Court

Date:  May 20, 2014